IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANNA MAIORANO <br>                 Plaintiff, <br><br> v. <br><br> UNUM LIFE INSURANCE COMPANY OF AMERICA <br>                 Defendant. | CIVIL ACTION <br><br> NO. <br><br> **ERISA- NO JURY TRIAL REQUESTED** |

## CIVIL ACTION COMPLAINT

Plaintiff, DIANNA MAIORANO, by and through her attorney, MARTIN LLC, as and for her Complaint against Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA hereby sets forth the following:

### PARTIES

1. Plaintiff, DIANNA MAIORANO, is a resident of Pennsylvania.

2. Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM"), has offices at 1000 Continental Drive, Suite 650, King of Prussia, PA 19406.

### JURISDICTION

3. Jurisdiction of the Court is based upon 29 U.S.C. § 1132(e)(1) and 1132(f), which gives the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C.

§ 1331 because this action arises under 29 U.S.C. § 1001 et.seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Eastern District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the jurisdictional district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the Eastern District of Pennsylvania.

## FACTS

6. Plaintiff is a sixty-year-old (60) individual born on December 23, 1961.

7. At all times hereinafter mentioned, Plaintiff was an employee of The Children's Hospital of Philadelphia as a Principal Business Analyst, and at all times was a participant and/or beneficiary under a long-term disability ("LTD") income policy, hereinafter ("Policy").

8. At all times mentioned herein, Plaintiff was and is an employee eligible for LTD benefits as an insured under the Policy.

9. Plaintiff was paid short-term disability benefits for the full policy period and subsequently received LTD benefits paid through April 13, 2020.

10. Defendant claimed that Plaintiff was no longer disabled as of February 17, 2020.

11. Plaintiff originally came out of work in August 2017 due to breast cancer and the effects of the treatment. She was admitted to the hospital that month due to a variety of severe physical and mental conditions stemming from the breast cancer and the breast cancer treatment.

12. Plaintiff had a left partial mastectomy done in April of the same year in addition to radiation treatments. She then had a second operation done in May of 2017 as an MRI confirmed that the first partial mastectomy was not sufficient.

13. The cancer and associated treatment caused a variety of other issues, including physical and cognitive issues along with anxiety and depression. Plaintiff's headaches are also of particular note.

14. Plaintiff struggles with memory loss and focus.

15. Plaintiff also suffers from pain due to fibromyalgia.

16. Plaintiff has osteoporosis and severe osteoarthritis with joint pain and swelling, as well as tendinosis and tearing in her right elbow. She has issues with her gait as well as neck pain and stiffness, in addition to pain in other parts of her body.

17. Plaintiff suffered from an exacerbation of her progressive back issues in 2020 and this resulted in "excruciating" pain and required her to use a back brace.

18. Defendant initially approved the LTD claim based on her cancer and did not claim that the mental health limitation in the Policy would apply.

19. Plaintiff was approved ongoing Social Security Disability benefits.

20. Multiple years after Plaintiff last worked, Defendant first attempted to apply the mental health limitation to her claim.

21. Among other factors used to support this choice, Defendant pointed to their alleged facts that Plaintiff could walk her dog and read.

22. It is not fully clear when and why Defendant began its attempt to reverse its original decision and apply the mental health limitation, but they indicate that it may have been

because there was no recurrence of cancer, even though the issues preventing her from working all occurred due to her cancer diagnosis.

23. The medical evidence provided to Defendant corroborated Plaintiff's subjective complaints that she was unable to perform any work due to the original cancer diagnosis and all of the effects from it.

24. Defendant arranged for an Independent Medical Examination (IME) to take place in March 2020 with a neuropsychologist. Defendant did not also arrange for an IME with a provider specializing in cancer or other physical conditions.

25. Contrary to the other evidence, this neuropsychologist found Plaintiff not disabled from a physical or psychological basis.

26. Defendant then denied the claim based on this IME.

27. The examiner only saw Plaintiff this one time and there would have been no way for her to opine as to the cause of Plaintiff's conditions, nor any way for her to have credibly examined her physical conditions.

28. Defendant's LTD Policy defines Disability as follows:

    - *You are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and*

    - *You have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.*

    - *After 24 months of payments, you are disabled when UNUM determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by training, education or experience.*

29. Despite Plaintiff's continued disability, Defendant has denied continued long-term disability benefits to Plaintiff and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

30. Said refusal on the part of the Defendant is a willful and wrongful breach of the Policy's terms and conditions.

31. Defendant afforded little weight to the opinions of Plaintiff's treating physicians.

32. Defendant's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and as such constitutes a breach of fiduciary duty.

33. Defendant's unreasonable and unsupported denial of Plaintiff's LTD benefits is evidence, inter alia, by the number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's physical limitations on her ability to perform the duties of her regular or any occupation; the refusal to consider Plaintiff's credible subjective complaints about her inability to work; the failure to consider the side effects of Plaintiff's medication; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling practices including the fact that Defendant attempted to retroactively use the mental health limitation even though they previously determined that it did not apply.

## COUNT I – FIRST CAUSE OF ACTION

### [FOR DECLARATORY RELIEF PURSUANT TO 29 U.S.C. § 1132(a)(1)(b)]

34. Paragraphs 1 through 33 are incorporated herein by reference as if fully set forth at length.

35. An actual controversy exists between Plaintiff and Defendant arising out of the events alleged herein above. Plaintiff contends that Defendant has no legal basis for denying LTD benefits, which have been wrongfully withheld.

36. Plaintiff contends that the denial of LTD benefits is a breach of the Group Long Term Disability Plan; the practices of the Defendant should be estopped on the basis of equity; that the practices of Defendant are arbitrary and capricious; that the practices of Defendant fail to satisfy the minimum requirements of ERISA; and the practices of Defendant are barred as a matter of law.

37. Plaintiff contends that Defendant denied her a "full and fair review" of all of her records submitted by failing to consider information directly related to her LTD claim, minimized and/or failed to review or consider the findings of her treatment providers, while simultaneously attaching greater weight to the findings of the Defendant's medical consultants.

38. Plaintiff contends that the decision to deny LTD benefits and deny her appeal for benefits was wrongful, unreasonable, irrational, arbitrary and capricious, solely contrary to the evidence and contrary to the terms of the policy and the law and an abuse of discretion.

## COUNT II – SECOND CAUSE OF ACTION

**[FOR RECOVERY OF PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)]**

39. Paragraphs 1 through 38 are incorporated herein by reference as if fully set forth at length.

40. Defendant wrongfully denied LTD benefits based on an unfair, incomplete, arbitrary and capricious review of Plaintiff's medical records and information, and the insufficient and inaccurate reports of their own reviewers.

41. Plaintiff contends that in denying LTD benefits, Defendant disregarded substantial evidence, including medical records and other medical reports.

42. Under the terms of the Group LTD Plan, Defendant unreasonably breached its promise to provide Plaintiff with certain LTD benefits. To date, Defendant has failed to honor this promise and continues to refuse to pay Plaintiff all benefits to which she is rightfully entitled.

43. Plaintiff has satisfied and continues satisfy all conditions precedent under the Group LTD Plans and is thus eligible to receive LTD benefits.

44. Plaintiff has not waived or otherwise relinquished her entitlement to benefits under the Group LTD Plan.

45. Plaintiff seeks reimbursement and compensation for any and all benefits she should have received.

46. Defendant breached its obligations under ERISA to provide Plaintiff benefits even though her benefits are covered under the terms of the Group LTD Plan.

47. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to pay benefits to Plaintiff, she has been damaged in an amount equal to the amount of benefits to which she is entitled under the terms of the Group LTD Plan.

**WHEREFORE**, Plaintiff prays for judgment as follows:

A. On Count I:

1. A declaration that Plaintiff is disabled and entitled to the payment of benefits under the Group LTD Plan;

2. A declaration that Defendant is hereinafter estopped from wrongfully denying Plaintiff benefits under the Group LTD Plan without a legal basis to do so;

3. A declaration that Defendant is hereinafter estopped from denying Plaintiff benefits as a denial of such benefits is a breach of the Group LTD Plan.

4. A declaration that Defendant is hereinafter estopped on the basis of equity from continuing to deny disability benefits wrongfully withheld from Plaintiff;

5. A declaration that Defendant is hereinafter estopped from wrongfully denying benefits to Plaintiff contrary to clear, compelling and substantial medical and functional evidence.

6. Plaintiff requests the payment of reasonable attorney fees, costs and interest.

7. Plaintiff requests such other and further relief as the Court deems appropriate.

B. On Count II:

1. Plaintiff seeks a declaration of Plaintiff's right to benefits (past, present and future) under the terms of the Group LTD Plan;

2. Payment of all past benefits due Plaintiff under the terms of the Plan, with an award of pre-judgment interest;

3. Plaintiff requests the payment of reasonable attorney fees, costs and interest.

4. Plaintiff requests such other and further relief as the Court deems appropriate.

By: *Zachary Lipschutz*

Zachary Lipschutz, Esq.
MARTIN LLC
1818 Market Street, 35th Floor
Philadelphia, PA 19103
(215) 587-8400
zlipschutz@paworkinjury.com
Attorney for Plaintiff